HENRY KLEOPFER v. THE FIRST NATIONAL BANK
OF HERINGTON.

No. 12,796.   (70 Pac. 880.)

SYLLABUS BY THE COURT.

BANKS AND BANKING—*Action on Deposit—Pleading.* A bank is liable in damages resulting from a non-fulfilment of its contract to pay the money of its depositor upon demand to the same extent and for the same reason that other persons are liable for the non-fulfilment of contracts. The measure of its liability depends on the circumstances of each individual case. A petition, therefore, which states that a bank, in which the plaintiff had money on deposit, neglected or refused to honor his check or pay it upon demand, states a cause of action.

Error from Dickinson district court; O. L. MOORE, judge. Opinion filed December 6, 1902. Reversed.

*C. S. Crawford*, for plaintiff in error.
*Hurd & Hurd*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.:  The plaintiff in error sued the de-
fendant in error in the court below.   In the petition
he alleged that it was a banking corporation engaged
in loaning money and receiving deposits; that on
September 25, 1900, he secured from it a loan of
$892, and executed his promissory note and chattel
mortgage securing its payment, and thereupon the
bank delivered to him a deposit slip showing that he
had deposited therein $892.   The petition also alleged
that the plaintiff had purchased certain cattle at an
agreed price of $900, and had informed the bank that
the money which he had caused to be placed to his
credit was to be used in payment therefor, and the
bank agreed to remit said sum of $892 to the bank at
Abilene, to be deposited to the credit of George Kleop-
fer in payment of said cattle; that thereafter the
bank refused to make such remittance, and refused,
upon demand of plaintiff, to pay to him the amount of
money so deposited; that by reason of such neglect
he was unable to retain the possession of the cattle so
purchased and was compelled to redeliver them to
said George Kleopfer, and was thereby damaged in
the difference between the agreed purchase-price and
the actual value of the cattle.   To this petition the
defendant below demurred, which demurrer was sus-
tained.   From this ruling the plaintiff prosecutes
error.

It is argued that the demurrer was properly sus-
tained, because the money so deposited was for the
benefit of George Kleopfer, and the refusal of the de-
fendant to remit to George Kleopfer, or to pay the
money to Henry Kleopfer, did not result in any dam-
age to Henry Kleopfer.   The second reason assigned
for sustaining the demurrer was that there were no

allegations in the petition showing that the plaintiff sustained any damage for which he could recover.

The petition fairly showed that Henry Kleopfer had on deposit in the bank $892, subject to check or order. It was the duty of the bank to pay it out upon the check or order of the depositor. This it refused to do. It violated its contract and is liable at least for nominal damages. The law implies nominal damages for every tort and the breach of every contract.

A third reason assigned is that, if the plaintiff gave his note and mortgage to the defendant, and the defendant expressly or impliedly agreed to pay the plaintiff the amount of money evidenced by the note and mortgage, but refused to do so upon demand, a cause of action would have at once accrued for the breach, and the plaintiff could have maintained an action for his damages, which would be the amount due, with interest. To avoid this admitted liability, however, it is contended that the petition shows a settlement between the plaintiff and the bank and that the promissory note and chattel mortgage were by the bank released, canceled, and surrendered, and, therefore, there was nothing upon which plaintiff could recover. This is not a fair interpretation of the petition. The allegation is: ''That the promissory note and chattel mortgage referred to in paragraph 4 of this amended petition were by the defendant surrendered, released and canceled on this the 17th day of October, A. D. 1900.'' There is no allegation that this was accepted as a settlement of plaintiff's damage. Whether the payment of interest is the measure of the liability of a bank for the non-payment of money to its depositor depends entirely upon the circumstances of each particular case. In *Johnson v. Mathews*, 5 Kan. 118, 122, the court said:

''A party is always entitled to recover, on the breach

of a contract, such damages as are the natural, direct and proximate result of such breach ; and he is also entitled to recover such other damages as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it."

It is said in Sutherland on Damages, section 77 :

"Where the obligation to pay money is special and has reference to other objects than the mere discharge of a debt, as where it is agreed to be done to facilitate trade, and to maintain the credit of the promisee in a foreign country ; to take up commercial paper ; pay taxes ; discharge liens ; relieve sureties ; or for any other supposable ulterior object, damages beyond interest for delay of payment, according to the actual injury, may be recovered.   A banker may be liable for damages not measured by interest for refusing to pay the check of his customer who has provided funds subject thereto." (*American Nat. Bank v. Morey*, 69. S. W. [Ky.] 759.)

Since the petition did not state facts from which it could be determined that the defendant knew that if it failed to keep its contract plaintiff would be unable to retain the possession of the cattle so purchased, and thereby deprived of the profits of his purchase, the loss of profit cannot be an item of damage, not having been in the contemplation of both parties at the time they made the contract as the probable result of a breach of it.

The judgment of the court below is therefore reversed, and the cause remanded with instructions to overrule the demurrer to the petition.

All the Justices concurring.