No. 23,024.

CORNELIUS CHURCHES, *Appellee,* v. THE WESTERN UNION TELE-
GRAPH COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

NEGLIGENCE—*Failure to Deliver Money Transmitted by Telegram—
Measure of Damages.* Special damages caused by failure to deliver
money transmitted by telegram cannot be recovered where the tele-
graph company had no notice of, or information concerning, the pur-
pose for which the person to whom the money was sent desired to
use it.

Appeal from Wilson district court; SHELBY C. BROWN, judge.
Opinion filed February 12, 1921. Reversed.

*R. R. Vermillion, Earle W. Evans, Joseph G. Carey, W. F.
Lilleston, W. E. Stanley, A. C. Todd,* all of Wichita, *J. T.
Cooper,* of Fredonia, and *F. R. Stark,* of New York, N. Y., for
the appellant.

*E. D. Mikesell,* of Fredonia, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action for damages caused by the
defendant's failure to deliver money transmitted by telegram.
The plaintiff, a farmer, bought two teams of horses in Kansas
City, Mo., and to obtain money to pay for them, telegraphed
his bank at Lawrence, Neb., as follows: "Wire me six hundred
dollars at once in care of the Western Union." In response
thereto, the bank arranged with the defendant to pay $600 to
the plaintiff in Kansas City, Mo. The money was not delivered
to the plaintiff although he called at the telegraph office and
inquired for it one or more times each day for more than ten
days. The plaintiff then went to Nebraska, obtained the money
from the bank, and had the order transmitting it by telegraph
cancelled. The damages claimed by the plaintiff were for board
for himself and teams during the time he was in Kansas City,
for the value of the labor of himself and teams during that time,
for his traveling expenses while going to Nebraska to get the
money, and for the amount paid for sending the telegram. No

notice or information was in any way given to the defendant of the purpose for which the plaintiff desired to use the money. The defendant offered to confess judgment for $3 and costs. Judgment was rendered for the plaintiff for $133.80, and the defendant appeals.

All of the damages claimed by the plaintiff, except the expense of sending the telegram and interest on the money, are what are known as special damages and cannot be recovered unless they were within the contemplation of the parties. (*Johnson v. Mathews*, 5 Kan. 118, 121-123; *Stewart v. Power*, 12 Kan. 596; and *Kleopfer v. Bank*, 65 Kan. 774, 777, 70 Pac. 880.)

The defendant contends that the measure of damages is the cost of transmitting the telegram and interest on the $600 for the time it was held by the telegraph company, about ten days. The authorities support this contention. We quote from 37 Cyc. 1775, as follows:

"Where the telegraph company undertakes for a consideration, to pay a sum of money to a person at a distant point, and fails to perform its contract, the measure of damages ordinarily is interest on the money from the time of default until tender. There can be no recovery for mental distress, even in a mental anguish state; nor can there be a recovery of special damages based on the fact that as a result of the failure to receive the money in due time plaintiff was evicted from home, or was injured in reputation, or lost credit, such special damages as a rule being deemed too remote, and not within the contemplation of the parties at the time the contract for the transfer of the money was made; but the company may have notice of facts and circumstances such as to render it liable for special damages."

(See, also, Jones on Telegraph and Telephone Companies, § 577; 2 L. R. A., n. s., 1073, note; *Stansell v. Western Union Tel. Co.*, 107 Fed. 668.)

Some support for the rule contended for by the defendant can be found in *Telegraph Co. v. Simpson*, 64 Kan. 309, 315, 67 Pac. 839, and in *King v. Telegraph Co.*, 81 Kan. 223, 105 Pac. 449. Special damages were recovered in *Cain v. Telegraph Co.*, 89 Kan. 797, 133 Pac. 874, and *Milling Co. v. Postal Telegraph Co.*, 101 Kan. 307, 166 Pac. 493, but notice of the importance and nature of the transactions concerning which the telegrams were sent was contained in them, and upon that theory it was held that the companies were liable for the special damages sustained.

The judgment is reversed, and the trial court is directed to enter judgment for the plaintiff for the amount paid for the telegram and for interest on $600 for the time he was deprived of its use.